John A. Garbariko, J.
This is a motion for temporary injunction brought by the plaintiff to restrain the defendants, New York City Transit Authority (hereinafter referred to as NYCTA), and the Metropolitan Transportation Authority (hereinafter referred to as MTA), from continued maintenance of a nuisance created by the exhausts of the idling motors of buses in the St. George Ferry Terminal, pending the hearing and determination of plaintiff’s action against the defendants to enjoin the alleged nuisance of bus exhaust. The defendants have made a cross motion to deny the application for a temporary injunction and to dismiss the complaint on a number of grounds, which the court will examine in -the course of its decision on the plaintiff’s motion for injunctive relief.
The court’s decision herein has been guided by the holding of the Court of Appeals in Boomer v. Atlantic Cement Co. (26 N Y 2d 219, 222) and following. The court can add nothing to the judicial warnings of air pollution peril contained in both the majority and dissenting opinions, but its proper role herein *737 has been defined in Boomer (p. 222) as follows: “ A court performs its essential function when it decides the rights of parties before it. Its decision of private controversies may sometimes greatly affect public issues. * * * It is a rare exercise of judicial power to use a decision in private litigation as a purposeful mechanism to achieve direct public objectives greatly beyond the rights and interests before the court.”
Regulation of motor exhaust is already provided for in section 11.09 of the New York City Pollution Control Code, and section 193 of the New York State Air Pollution Control Board Regulations. The Congress of the United States has moved to regulate it by amendment to Federal air pollution acts (cf. Editorial, New York Times, June 17, 1970).
Article 63 of the CPLR provides that the plaintiff may be entitled to a preliminary injunction ‘1 where it appears that immediate and irreparable injury, loss or damage will result unless the defendant is restrained before the hearing can be had ” (CPLR 6301), and it must appear from the papers submitted on the motion that: “ the plaintiff has demanded and would be entitled to a judgment restraining the defendant from the commission or continuance of an act ”,
The complaint alleges that the plaintiff is a resident of this county, and that the defendant Ronan and the eight individual defendants are the members of the MTA, and, as such, ex-officio members of the NYCTA. The first 14 paragraphs of the complaint identify the parties and allege variously and in the alternative that they own, operate or lease the terminal, and own or operate the buses using the terminal. Paragraphs “ fifteenth ” through ‘‘ twenty-eight ’ ’ allege a nuisance from the exhaust fumes of idling buses in the terminal which the plaintiff must use to and from work, and prays for damages in the sum of $250,000. The last three paragraphs of the first cause of action, commingled with the prayer for damages, seek to enjoin the alleged nuisance of exhaust fumes.
The second cause of action repeats the first 31 paragraphs of the complaint set forth in 'the first cause of action, and alleges a violation of constitutional and statutory rights. The third cause of action alleges waste, with a substantial cost to the public. The fourth cause of action alleges a waste of human resources and economic loss to the public by reason of ill effects on the bus operators. The fifth cause of action alleges that neither the State under the Public Health Law, nor the city, under its Air Pollution Control Code, has taken any steps to abate the nuisance of bus exhaust in the terminal and no summons has been issued to either of the defendant public *738 authorities, so that the plaintiff has no adequate remedy at law.
The plaintiff seeks in his prayer for relief, (1) a temporary injunction, (2) a permanent injunction, (3) a reference to compute compensatory and punitive damages, (4) direction to the defendants to publicize the hazards, and (5) a direction to the defendants to remove all walls in the terminal and to use fans or other devices to dispel the fumes.
The motion for a temporary injunction is supported by the plaintiff’s affidavit setting forth the danger to him because of a diseased lung, the supporting affidavit of his attorney, the affidavits of two doctors attesting to his condition and the condition of the terminal, buttressed by four exhibits dealing with the danger of air pollution in relation to pulmonary and bronchial diseases, and, lastly, a supplemental affidavit of the plaintiff with corroborating affidavits of several people attesting to the .continued exhausts from buses idling in the terminal up to the date before the hearing, as evidenced by photographs taken at the scene.
The court holds that the plaintiff has standing here only in his individual capacity.
In Gaynor v. Rockefeller (15 N Y 2d 120, 129), the court stated: ‘ ‘ a class action may not be maintained where the wrongs asserted are individual to the different persons involved and each of the persons aggrieved ‘ may determine for himself the remedy which he will seek ’ and may be subject to ‘ a defense not available against others ’ * * * ‘ Separate wrongs to separate persons, though committed by similar means and even pursuant to ■a single plan ’ * * * ‘ do not alone create a common or general interest in those who are wronged ’.”
The plaintiff shows no right to maintain a class action within the purview of CPLR 1005 (subd. [a]), or section 51 of the General Municipal Law for waste, either human or monetary.
The court does not look benignly on the proliferation of public authorities with attendant pitfalls for the unwary in deciding the proper authority upon whom to serve a notice of claim as a preliminary to an action. In any event, it is clear that the main thrust of plaintiff’s action is to enjoin a nuisance, and that his claim for damages is merely an incident to his principal action and subordinate thereto (cf. Fontana v. Town of Hempstead, 18 A D 2d 1084 [2d Dept., 1963], affd. 13 N Y 2d 1134). Further, it would appear to the court to be an invidious distinction to confine the right to a cause of action in nuisance only to those who have property rights affected thereby. The court holds that the plaintiff has the right to maintain the action for a permanent injunction in his individual capacity (cf. Prosser, *739 Private Action for Public Nuisance, 52 Va. L. Rev. 997, 1012 [1962]). Section 1294 of the Public Health Law specifically preserves existing individual rights.
The Charter and Administrative, Code specifically vest control of the ferry terminal in the Department of Marine and Aviation, which is now under the jurisdiction of the city’s Transportation Administrator who has not been joined herein. Therefore, this court cannot order the city to make the structural changes sought.
The MTA and the defendant Ronan, and the individual defendants named with him, are not proper parties to this action. Operation and control of the buses is vested in the NTCTA as a matter of law. The motion to dismiss as to those defendants is granted.
As to the remaining defendant, NTCTA, this court is not persuaded that the plaintiff’s cause of action against that defendant is so clear and convincing as to entitle him to a permanent injunction, but that, at best, there is a question or questions of fact which can only be decided on trial of nuisance and proximate cause, and that even should damages be proven to be proximately caused by the alleged nuisance of bus exhaust in the terminal, there would be no right to punitive damages. The motion to refer the issue of damages to a referee after trial of the issue of nuisance is denied. - Both issues will be tried jointly by the trial court.
The plaintiff has not demonstrated his right to a preliminary injunction pursuant to article 63 of the CPLR, and the motion therefore is denied.
The cross motion of the defendants is granted in part and denied in part as indicated above.
The defendant NTCTA is granted 20 days from service of the order herein to serve its answer to the complaint, and the plaintiff’s cause of action for a permanent injunction will be placed on the August, 1970 calendar of this court for trial on the issues of nuisance and incidental damages.